# WEBB'S CURATOR

*v.*

*/*

WYNNE.

(*Supreme Court of Appeals of Virginia, January, 1879.*)

[Virginia Law Journal, 1879, p. 47.]

### Unlawful Detainer—Crops Raised Pending Proceeding—On Appeal —Case at Bar.*

Webb died in the spring of 1873, and in consequence of a controversy about his will, Lacy was appointed curator of his estate. In the lifetime of Webb, he had rented his farm, "Northberry," to Wynne, under a verbal contract to pay an annual rental of one-fourth of the crops raised on the farm. In June, 1873, the curator caused a written notice to be served on Wynne that the possession of said farm would be demanded of him on the 1st of January, 1874. On the 1st of January, 1874, Wynne refused to surrender the possession of the farm, and went on to prepare the land for crops. The curator then instituted his action of unlawful entry and detainer, to recover said possession, and at the June term, 1874, of the county court of New Kent, obtained a verdict and judgment for the possession of the farm "Northberry." To this judgment a writ of error was awarded. Pending these proceedings, Wynne had raised on the farm, the possession of which had been adjudged to belong to the curator, large crops of wheat and oats.

### Same—Same—Injunction to Prevent Removal—Case at Bar.

In August, 1874, the curator filed his bill, in which he set forth the foregoing facts; charged that Wynne was about to ship the crops beyond the limits of the state; charged his insolvency, claimed the crops as the property of Webb's estate, because raised on the farm since the period when the possession had been adjudged to belong to him, the curator; prayed for an injunction to enjoin and restrain the removal of said crops, and that they

---

*See monographic note on "Unlawful Detainer" appended to Dobson *v.* Culpepper, 23 Gratt. 352 (Va. Rep. Anno.).

might be placed in the hands of a receiver of the court. The injunction was granted, but was afterwards dissolved by an order in vacation, and from this order dissolving said injunction, an appeal was taken by the said curator: *held*:

**Same—Judgment for Possession—Account—Case at Bar.**

The order of dissolution was plainly erroneous. If the curator was entitled to the possession of the premises after the 1st of January, 1874, then all the crops raised on the land went with it, and Wynne could not claim them. At the time of filing the bill, and when the injunction was dissolved, the curator had a judgment of a court of competent jurisdiction, holding that he was entitled to said possession, and until this judgment was reversed, it fixed the rights of the parties in this respect. Instead of dissolving the injunction, the circuit court should have directed an account to be taken of the amount and value of the crops, and the amount of the rent due from Wynne; and if, upon the final determination of the action of unlawful entry and detainer, the possession of the farm should be determined to belong to the curator, then the value of said crops should be decreed to him; and if the action of unlawful entry and detainer should be determined in favor of Wynne, then out of said crops, should be decreed to be paid any balance of rent due by Wynne to the estate of Webb.

From the circuit court of New Kent county.

The facts and points decided are sufficiently stated in the headnotes.

*W. W. Gordon*, for the appellant.

*George P. Haw*, for the appellee.

CHRISTIAN, J., delivered the opinion of the court, in which the other judges concurred.

Decree reversed.